Jason M. Kelly (SBN 020525)
Richard D. Lyons (SBN 020558)
Anoop Bhatheja (SBN 022357)
**KELLY & LYONS, PLLC**
5020 E. Shea Blvd., Ste. 150
Scottsdale, Arizona 85254
Phone: (480) 867-3410 / Fax: (480) 867-3411
Firm email:   minuteentries@kellylyonslaw.com
Attorney e-mail:      jkelly@kellylyonslaw.com
                              rlyons@kellylyonslaw.com
                              abhatheja@kellylyonslaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Leslie, on her own behalf; on behalf of the statutory beneficiaries of Daniel Leslie; and on behalf of the Estate of Daniel Leslie;<br><br>Plaintiff,<br><br>v.<br><br>City of Prescott, a municipal corporation; Officer Brian Sutton and Jane Doe Sutton, husband and wife; Does I-X; Roe Entities I-X,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Excessive Force; Wrongful Death)** |

Plaintiff Wendy Leslie, on her own behalf ("Plaintiff"), on behalf of the Estate of Daniel Leslie, and on behalf of all state law tort wrongful death beneficiaries, for her Complaint hereby alleges as follows:

1. On June 8, 2024, Prescott Police Officer Defendant Officer Brian Sutton ("Defendant Officer Sutton") shot and killed Daniel Leslie ("Daniel") at his home in Prescott, Arizona.

2.    Defendant Officer Sutton arrived at Daniel's home on June 8, 2024, after attempting to speak with Daniel.

3.    Upon arrival Defendant Officer Sutton witnessed Daniel in his front yard attempting to load a bike into the back seat of his car.

4.    Defendant Officer Sutton approached Daniel and asked to speak with him.

5.    Daniel refused to speak with Defendant Officer Sutton and stated, "I haven't committed a crime," "I don't have anything to say to you", and asked Defendant Officer Sutton to step off his property.

6.    Daniel had no obligation to speak to Officer Sutton.

7.    Defendant Officer Sutton then – without any justification – pulled his gun on Daniel and told Daniel to put the bike down and come towards him.

8.    Daniel put down the bike.

9.    Daniel continued to walk towards his carport away from Defendant Officer Sutton.

10. Defendant Officer Sutton told Daniel not to go into his house or he would get shot.

11. Officer Sutton had no reason to make such a threat.

12. Officer Sutton then proceeded to fire his gun three times as Daniel ran into his house.

13. When Officer Sutton shot Daniel, Officer Sutton had no reason to believe Daniel was a danger to him or to anybody else.

14. When Officer Sutton shot Daniel, Officer Sutton knew Daniel was unarmed.

15. When Officer Sutton shot Daniel, Wendy was only a few feet away from the gunfire.

16. Daniel died from the gunshot wounds he sustained at the hands of Officer Sutton.

2

**Parties, Jurisdiction, and Venue**

17. At all material times herein, Plaintiff is and was a resident of Yavapai County, Arizona.

18. Upon information and belief, all Defendant Officer Sutton is and was a resident of Yavapai County, Arizona.

19. Defendant City of Prescott is a municipal corporation located in Yavapai County, Arizona, which operates and is responsible for its Police Department.

20. Defendant City of Prescott is vicariously liable for the conduct and wrongful acts of Defendant Officer Sutton.

21. Venue and jurisdictions are proper in this Court as substantial acts and omission giving rise to the claims occurred in Yavapai County, Arizona.

22. The Court has concurrent jurisdiction over the federal constitutional claims in this matter pursuant to 42 U.S.C. § 1983.

23. Plaintiff alleges that she fully complied with all pre-requisites set forth in A.R.S § 12-821.01, with regard to her "Notice of Claim" as to the state law tort claims alleged herein.

24. A copy of the underlying Notice of Claim is attached as Exhibit A, and it is hereby incorporated by reference.

25. Wendy is a statutory beneficiary pursuant to A.R.S. § 12-611, *et seq*.

26. The only other statutory beneficiary is Daniel's estranged wife.

27. Wendy also brings this claim on behalf of the Estate of Daniel Leslie, seeking recovery of general and special damages for the Estate. *Andrich v. Kostas*, 470 F.Supp.3d 1048 (D.Ariz.2020).

28. The Estate of Daniel Leslie is entitled to recover, among other damages, the damages Daniel suffered while running for his life while Defendant Officer Sutton was shooting at him.

3

29. Wendy intends to establish the Estate of Daniel Leslie shortly, and to ratify the filing of this Complaint.

30. Defendant Does I-X are officers, administrators, executives, employees, and/or agents of the City of Prescott who are responsible and liable for Wendy's damages as alleged herein. At all times relevant hereto, Defendant Does I-X acted within the course and scope of their particular employment and/or agency. Accordingly, the City of Prescott is vicariously liable for their conduct as alleged herein. When their identities are ascertained, this Complaint will be amended accordingly.

31. All married defendants acted for and on behalf of the marital communities to which they belong. Accordingly, those marital communities are vicariously liable for the acts and omissions of the married Defendants as alleged herein.

32. At all times relevant hereto, all named and unnamed Defendants, including Defendant Officer Sutton, acted under color of state law.

33. Defendant Officer Sutton was acting within the course and scope of his employment with the City of Prescott.

34. Plaintiff hereby demands a trial by jury in this matter.

### COUNT ONE

### Wrongful Death

### (Against Defendant Officer Sutton and vicarious liability against City of Prescott)

35. Wendy hereby realleges and incorporates all preceding paragraphs by reference.

36. Daniel did nothing to warrant being shot and killed.

37. Daniel posed no risk to Officer Sutton or anyone else when he was shot.

38. By causing Daniel's wrongful death in violation of A.R.S 12-611 *et seq*. Wendy has suffered unimaginable damages from the unjustified shooting of her son.

39. Defendant City of Prescott is vicariously liable for Defendant Officer Sutton's acts and/or omission, as set forth herein and in such other ways as may be discovered during litigation.

4

40. The conduct of Officer Sutton constitutes wrongful death under the laws of the State of Arizona.

### **COUNT TWO**

### **Unreasonable Use of Force - 4th Amendment**

### **42 U.S.C. § 1983**

### **(Against Defendant Officer Sutton)**

41. Wendy hereby realleges and incorporates all preceding paragraphs by reference.

42. The 4th Amendment to the United States Constitution protects citizens against unreasonable use of force. *Scott v. Harris*, 550 U.S. 372 (2007).

43. By shooting an unarmed, retreating citizen for no reason whatsoever, Officer Sutton violated Daniel's right against unreasonable search and seizure pursuant to the 4th Amendment to the United States Constitution.

44. In *Tennessee v. Garner*, 471 U.S. 1 (1985), the United States Supreme Court declared that police officers cannot use deadly force against a fleeing suspect unless the fleeing suspect is about to cause death or serious bodily harm to others. *See also*, *e.g.*, *Aguirre v. Riverside*, 131 F.4th 702 (9th Cir. 2025).

45. When Daniel was shot and killed, he did not pose a threat of death or significant bodily harm to himself, Officer Sutton or anyone else.

46. Defendant Officer Sutton made no effort – other than the use of lethal force – to detain Daniel after Daniel fled.

47. By Officer Sutton violating Daniel's 4th Amendment rights, the Estate of Daniel Leslie is entitled to damages pursuant to 42 U.S.C. § 1983, including damages for pain, suffering, anxiety and fear from being shot.

48. Defendant Officer Sutton's acts in causing Daniel's death were willful, wanton, malicious, and oppressive, thereby justifying an award to the Estate of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986) *and*

*Morgan v. Woessner,* 997 F.2d 1244,1245 (9th Cir. 1993); *see also*, Ninth Circuit Model Civil Jury Instruction 5.5.

## COUNT THREE

### Loss of Family Relationship - 14th Amendment

### 42 U.S.C. § 1983

### (Against Defendant Officer Sutton)

49. Wendy realleges and incorporates all preceding paragraphs by reference.

50. The 14th Amendment to the United States Constitution prohibits state actors from interfering with familial relationships, including mother and son.

51. By his conduct as alleged herein – killing Daniel by excessive force – Defendant Officer Sutton has forever stopped Wendy's and Daniel's mother/son relationship.

52. By shooting Daniel for no reason whatsoever, Officer Sutton interfered with Wendy's and Daniel's familial relationship pursuant to the 14th Amendment to the United States Constitution.

53. By Officer Sutton violating Plaintiff's and Daniel's 14th Amendment rights, Wendy is entitled to damages pursuant to 42 U.S.C. § 1983.

54. Defendant Officer Sutton's acts in causing Daniel's death were willful, wanton, malicious, and oppressive, thereby justifying an award to Wendy of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986) *and Morgan v. Woessner,* 997 F.2d 1244,1245 (9th Cir. 1993); *see also*, Ninth Circuit Model Civil Jury Instruction 5.5.

## COUNT FOUR

### Negligent Infliction of Emotional Distress

### (Against Defendant Officer Sutton and vicarious liability against City of Prescott)

55. Wendy realleges and incorporates all preceding paragraphs by reference.

6

56. Wendy maintained a very close familial relationship with her son Daniel. Wendy raised Daniel and was a part of his life from birth through adulthood. At the time of his death Daniel was living with Wendy.

57. When Defendant Officer Sutton wrongfully shot Daniel, Wendy was within the "zone of danger" under the laws of the State of Arizona.

58. Wendy lived the nightmare of seeing Officer Sutton shooting and killing her son Daniel in front of her.

59. Wendy suffered mental, emotional and physical manifestation of injuries from watching her son being shot by Officer Sutton.

60. Accordingly, Wendy is entitled to damages for Negligent Infliction of Emotional Distress.

61. Defendant City of Prescott is vicariously liable for Defendant Officer Sutton's acts and/or omission, as set forth herein and in such other ways as may be discovered during litigation.

## PRAYER FOR RELIEF

WHEREFORE, Wendy prays for relief against all named and unnamed Defendants as follows:

A.     For all damages recoverable pursuant to A.R.S. § 12-611, *et seq.*;

B.     For general damages to Wendy against each Defendant, jointly and severally, for her emotional pain, distress, hardship, suffering, shock, worry, anxiety sleeplessness, and suffering for the loss of her son, Daniel;

C.     For general damages to Wendy for her loss of familial relations with her son;

D.     For damages including pain and suffering, pursuant to 42 U.S.C. § 1983;

E.     For punitive and exemplary damages against the individual Defendant, in amounts appropriate to adequately punish Defendant Sutton and deter others from engaging in similar misconduct;

7

F.    For prejudgment interest;

G.    For taxable costs incurred and incurring;

H.    For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by any other statute or law; and

I.    For such other relief as the Court may deem proper.

DATED this 15th day of May, 2025.

**KELLY & LYONS, PLLC**

By:  */s/Richard D. Lyons*
       Jason M. Kelly
       Richard D. Lyons
       Anoop Bhatheja
       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing.

By:  */s/Karli Spires*