Jason M. Kelly (SBN 020525)
Richard D. Lyons (SBN 020558)
Anoop Bhatheja (SBN 022357)
**KELLY & LYONS, PLLC**
5020 E. Shea Blvd., Ste. 150
Scottsdale, Arizona 85254
Phone: (480) 867-3410 / Fax: (480) 867-3411
Firm email:   minuteentries@kellylyonslaw.com
Attorney e-mail:      jkelly@kellylyonslaw.com
                      rlyons@kellylyonslaw.com
                      abhatheja@kellylyonslaw.com
*Attorneys for Plaintiff Wendy Leslie*

Craig A. Knapp, Esq. (SBN 013580)
David S. Friedman, Esq. (SBN 029943)
**KNAPP & ROBERTS, P.C.**
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
(480) 991-7677
Attorney e-mail:      knapp@krattorneys.com
                      friedman@krattorneys.com
*Attorneys for Plaintiff Estate of Daniel Trapper Leslie*
*and Plaintiff Brandy Leslie*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Leslie, on her own behalf; on behalf of the statutory beneficiaries of Daniel Leslie; Brandy Leslie, on her own behalf, and as Personal Representative of the Estate of Daniel Trapper Leslie;<br><br>Plaintiff,<br><br>v.<br><br>Officer Brian Sutton and Jane Doe Sutton, husband and wife; Does I-X; Roe Entities I-X,<br><br>Defendants. | No. 3:25-cv-08102-MTL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Excessive/Unreasonable Force – 4th Amendment; 42 U.S.C. § 1983; Loss of Family Relationship – 14th Amendment; Wrongful Death; Negligent Infliction of Emotional Distress)**<br><br>(Assigned to Hon. Michael T. Liburdi) |

Plaintiff Wendy Leslie, on her own behalf and on behalf of all state law tort wrongful death beneficiaries; and Plaintiff Brandy Leslie, on her own behalf and as Personal Representative of the Estate of Daniel Trapper Leslie, for their Complaint hereby allege as follows:

1. On June 8, 2024, Prescott Police Officer Defendant Officer Brian Sutton ("Defendant Officer Sutton") shot and killed Daniel Leslie ("Daniel") at his home in Prescott, Arizona.

2. Defendant Officer Sutton arrived at Daniel's home on June 8, 2024, after attempting to speak with Daniel.

3. Upon arrival Defendant Officer Sutton witnessed Daniel in his front yard attempting to load a bike into the back seat of his car.

4. Defendant Officer Sutton approached Daniel and asked to speak with him.

5. Daniel refused to speak with Defendant Officer Sutton and stated, "I haven't committed a crime," "I don't have anything to say to you", and asked Defendant Officer Sutton to step off his property.

6. Daniel had no obligation to speak to Officer Sutton.

7. Defendant Officer Sutton then – without any justification – pulled his gun on Daniel and told Daniel to put the bike down and come towards him.

8. Daniel put down the bike.

9. Daniel continued to walk towards his carport away from Defendant Officer Sutton.

10. Defendant Officer Sutton told Daniel not to go into his house or he would get shot.

11. Officer Sutton had no reason to make such a threat.

12. Officer Sutton then proceeded to fire his gun three times as Daniel ran into his house.

13. When Officer Sutton shot Daniel, Officer Sutton had no reason to believe Daniel was a danger to him or to anybody else.

14. When Officer Sutton shot Daniel, Officer Sutton knew Daniel was unarmed.

15. When Officer Sutton shot Daniel, Wendy was only a few feet away from the gunfire.

16. Daniel died from the gunshot wounds he sustained at the hands of Officer Sutton.

### Parties, Jurisdiction, and Venue

17. At all material times herein, Plaintiffs are and were residents of Yavapai County, Arizona.

18. At all material times herein, Plaintiff Wendy Leslie was Daniel's natural mother.

19. At all material times herein, Plaintiff Brandy Leslie was Daniel's wife.

20. Upon information and belief, all Defendant Officer Sutton is and was a resident of Yavapai County, Arizona.

21. Venue and jurisdictions are proper in this Court as substantial acts and omission giving rise to the claims occurred in Yavapai County, Arizona.

22. The Court has concurrent jurisdiction over the federal constitutional claims in this matter pursuant to 42 U.S.C. § 1983.

23. Plaintiffs allege that they fully complied with all pre-requisites set forth in A.R.S § 12-821.01, with regard to their respective "Notice(s) of Claim" as to the state law tort claims alleged herein.

24. A copy of the underlying Notices of Claim are attached as Exhibit A and Exhibit B, and they are hereby incorporated by reference.

25. As Daniel's surviving mother, Plaintiff Wendy Leslie is a statutory beneficiary pursuant to A.R.S. § 12-611, *et seq*.

26. As Daniel's surviving spouse, Plaintiff Brandy Leslie is a statutory beneficiary pursuant to A.R.S. § 12-611, *et seq*.

27. On September 10, 2025, Plaintiff Brandy Leslie was appointed Personal Representative *in the Matter of the Estate of Daniel Trapper Leslie* (Yavapai County Superior Court Case No. S1300PB 202500319). In this capacity, Plaintiff Brandy Leslie brings this claim on behalf of the Estate of Daniel Trapper Leslie, seeking recovery of general and special damages for the Estate. *Andrich v. Kostas*, 470 F.Supp.3d 1048 (D.Ariz.2020).

28. The Estate of Daniel Trapper Leslie is entitled to recover, among other damages, the damages Daniel suffered while running for his life while Defendant Officer Sutton was shooting at him.

29. Defendant Does I-X are officers, administrators, executives, employees, and/or agents of the City of Prescott who are responsible and liable for Plaintiffs' damages as alleged herein. At all times relevant hereto, Defendant Does I-X acted within the course and scope of their particular employment and/or agency. When their identities are ascertained, this Complaint will be amended accordingly.

30. All married defendants acted for and on behalf of the marital communities to which they belong. Accordingly, those marital communities are vicariously liable for the acts and omissions of the married Defendants as alleged herein.

31. At all times relevant hereto, all named and unnamed Defendants, including Defendant Officer Sutton, acted under color of state law.

32. Defendant Officer Sutton was acting within the course and scope of his employment with the City of Prescott.

33. Plaintiffs hereby demand a trial by jury in this matter.

### COUNT ONE
### Wrongful Death

34. Plaintiffs hereby reallege and incorporate all preceding paragraphs by reference.

35. Daniel did nothing to warrant being shot and killed.

36. Daniel posed no risk to Officer Sutton or anyone else when he was shot.

4

37. By causing Daniel's wrongful death in violation of A.R.S 12-611 *et seq*. Plaintiff Wendy Leslie and wrongful death beneficiary Brandy Leslie have suffered damages from the unjustified shooting of their son and husband, respectively.

38. The conduct of Officer Sutton constitutes wrongful death under the laws of the State of Arizona.

**COUNT TWO**
**Unreasonable Use of Force - 4th Amendment**
**42 U.S.C. § 1983**

39. Plaintiffs hereby reallege and incorporate all preceding paragraphs by reference.

40. The 4th Amendment to the United States Constitution protects citizens against unreasonable use of force. *Scott v. Harris*, 550 U.S. 372 (2007).

41. By shooting an unarmed, retreating citizen for no reason whatsoever, Officer Sutton violated Daniel's right against unreasonable search and seizure pursuant to the 4th Amendment to the United States Constitution.

42. In *Tennessee v. Garner*, 471 U.S. 1 (1985), the United States Supreme Court declared that police officers cannot use deadly force against a fleeing suspect unless the fleeing suspect is about to cause death or serious bodily harm to others. *See also*, *e.g.*, *Aguirre v. Riverside*, 131 F.4th 702 (9th Cir. 2025).

43. When Daniel was shot and killed, he did not pose a threat of death or significant bodily harm to himself, Officer Sutton or anyone else.

44. Defendant Officer Sutton made no effort – other than the use of lethal force – to detain Daniel after Daniel fled.

45. By Officer Sutton violating Daniel's 4th Amendment rights, Plaintiffs Wendy Leslie and Brandy Leslie are entitled to damages pursuant to 42 U.S.C. § 1983.

46. Defendant Officer Sutton's acts in causing Daniel's death were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiffs Wendy Leslie and Brandy Leslie of exemplary and punitive damages to punish the wrongful conduct

alleged herein and to deter such conduct in the future. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986) *and Morgan v. Woessner,* 997 F.2d 1244,1245 (9th Cir. 1993); *see also*, Ninth Circuit Model Civil Jury Instruction 5.5.

## COUNT THREE
## Loss of Family Relationship - 14th Amendment
## 42 U.S.C. § 1983

47. Plaintiffs reallege and incorporate all preceding paragraphs by reference.

48. The 14th Amendment to the United States Constitution prohibits state actors from interfering with familial relationships, including mother and son.

49. By his conduct as alleged herein – killing Daniel by excessive force – Defendant Officer Sutton has forever terminated Plaintiff Wendy Leslie and Daniel's mother/son relationship.

50. Officer Sutton also forever terminated Plaintiff Brandy Leslie and Daniel's wife/husband relationship.

51. By shooting Daniel for no reason whatsoever, Officer Sutton interfered with Plaintiff Wendy Leslie and Daniel's familial relationship pursuant to the 14th Amendment of the United States Constitution.

52. Officer Sutton's shooting also interfered with Plaintiff Brandy Leslie and Daniel's familial relationship, pursuant to the 14th Amendment to the United States Constitution.

53. By Officer Sutton violating Plaintiff's and Daniel's 14th Amendment rights, Plaintiffs Wendy Leslie and Brandy Leslie are entitled to damages pursuant to 42 U.S.C. § 1983.

54. Defendant Officer Sutton's acts in causing Daniel's death were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiffs Wendy Leslie and Brandy Leslie of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future. *Rawlings v. Apodaca*, 151 Ariz.

149, 726 P.2d 565 (1986) *and Morgan v. Woessner,* 997 F.2d 1244,1245 (9th Cir. 1993); *see also*, Ninth Circuit Model Civil Jury Instruction 5.5.

## COUNT FOUR
## Negligent Infliction of Emotional Distress

55. Plaintiffs reallege and incorporate all preceding paragraphs by reference.

56. Plaintiff Wendy Leslie maintained a very close familial relationship with her son Daniel. Wendy raised Daniel and was a part of his life from birth through adulthood. At the time of his death Daniel was living with Wendy.

57. When Defendant Officer Sutton wrongfully shot Daniel, Plaintiff Wendy Leslie was within the "zone of danger" under the laws of the State of Arizona.

58. Plaintiff Wendy Leslie lived the nightmare of seeing Officer Sutton shooting and killing her son Daniel in front of her.

59. Plaintiff Wendy Leslie suffered mental, emotional and physical manifestation of injuries from watching her son being shot by Officer Sutton.

60. Accordingly, Plaintiff Wendy Leslie is entitled to damages for Negligent Infliction of Emotional Distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against all named and unnamed Defendants as follows:

A.      For all damages recoverable pursuant to A.R.S. § 12-611, *et seq.*;

B.      For general damages to Plaintiffs Wendy Leslie and Brandy Leslie against each Defendant, jointly and severally, for their emotional pain, distress, hardship, suffering, shock, worry, anxiety sleeplessness, and suffering for the loss of their son and husband Daniel, respectively;

C. For general damages to Plaintiff Estate of Daniel Trapper Leslie against each Defendant, jointly and severally, for Unreasonable Use of Force under the 4th Amendment and/or 42 U.S.C. § 1983.

D. For general damages to Plaintiffs Wendy Leslie and Brandy Leslie for their loss of familial relations with their son and husband, Daniel, respectively;

E. For damages including pain and suffering, pursuant to 42 U.S.C. § 1983;

F. For punitive and exemplary damages against the individual Defendant, in amounts appropriate to adequately punish Defendant Sutton and deter others from engaging in similar misconduct;

G. For prejudgment interest;

H. For taxable costs incurred and incurring;

I. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by any other statute or law; and

J. For such other relief as the Court may deem proper.

DATED this 26th day of May, 2026.

**KELLY & LYONS, PLLC**

By: */s/ Jason Kelly (with permission)*
   Jason M. Kelly
   Richard D. Lyons
   Anoop Bhatheja
   *Attorneys for Plaintiff Wendy Leslie*

**KNAPP & ROBERTS, P.C.**

By: */s/ David Friedman*
   Craig A. Knapp
   David S. Friedman
   *Attorneys for Plaintiffs Brandy Leslie and the Estate of Daniel Trapper Leslie*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and emailed a copy to:

Larry Crown
Elan Mizrahi
BRUECKNER SPITLER SHELTS PLC
8355 E. Hartford Dr., Suite 200
Scottsdale, ASZ 85255
lcrown@bss.law
elan@bss.law
*Attorney for Defendants Sutton*


By: */s/ David Friedman*