# EXHIBIT B

*Law Offices*
# KNAPP & ROBERTS
*A Professional Corporation*

**Offices:**
Scottsdale, Arizona
Phoenix, Arizona

Website:  knappandroberts.com
E-mail: knapp@krattorneys.com

**Craig A. Knapp, Esq.**

8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
Telephone (480) 991-7677

November 30, 2024

***VIA PROCESS SERVER***

**PRESCOTT POLICE DEPARTMENT**
222 S. Marina St.
Prescot, AZ 86303

**OFFICER BRIAN SUTTON**
c/o Prescott Police Department
222 S. Marina St.
Prescott, AZ 86303

**CITY OF PRESCOTT**
**RISK MANAGEMENT**
City Clerk's Office
201 N. Montezuma St.
Ste. 302
Prescott, AZ 86301

## NOTICE OF CLAIM PURSUANT TO A.R.S. § 12-821.01
## AND
## ANTI-SPOLIATION NOTICE
(Confidential – Not to be Released to Any Third-Party)
(Subject to Rule 408, Ariz.R.Civ.P.)

Date of Incident:          June 8, 2024

Claimant:          **Brandy Leslie** (DOB: 11/12/1985): Surviving Wife of Daniel Leslie

Sum-Certain Demand:          $10,000,000 (10 Million Dollars and Zero Cents).

Dear Named Interested Persons/Entities:

Please be advised that this office represents Brandy Leslie, the surviving spouse of then-34-year-old Decedent Daniel Leslie concerning an officer-involved fatal shooting occurring on June 8, 2024. This Notice of Claim asserts damages under the provisions of the Arizona Wrongful Death Act, A.R.S. §§ 12-611, *et seq.* This claim is asserted against public entities and public employee(s) pursuant to the Arizona Tort Claims Act, A.R.S. §§ 12-820 to 12-826. In compliance thereof, this Notice therefore contains:

1.    **Sufficient Facts** – Permitting the governmental entities/persons involved to understand the basis of their tort liability;

2.    **Specific Sum-Certain Amount** for which Mrs. Leslie's claim may be settled; and

3.    **The Facts Supporting Said Sum-Certain Amount.**

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 2 of 7

It is likely that the involved governmental entities, through their employees, elected official(s), agents, and subsequent reports and investigation(s), are already aware of the basic facts surrounding this deadly incident. As such, the Prescott Police Department, the City of Prescott, and/or the officer(s) involved in the best position to know precisely what happened, including but not limited to, how many gunshots were fired, whether more than one officer was on scene, how many officer(s) fired their weapons, applicable department policies/procedures concerning the use of deadly force, and what other non-lethal means of de-escalation and crisis management were available – but not used –  to prevent this unnecessary death.

Accordingly, the factual summary included herein is based *only* upon those facts presently known by Brandy Leslie, given her limited access to information and the time constraints imposed by Arizona law. Neither she, nor the public, have been given access to a complete Prescott Police Report or any associated investigatory inter-agency documentation (e.g., the Department of Public Safety's investigation into this incident).

Nonetheless, to the best of Brandy Leslie's knowledge, the Prescott police officer who fatally shot her husband was Brian Sutton, and that only one officer actually discharged their weapon.

If the City of Prescott, the Prescott Police Department, and/or any of its elected official(s), employees, or agents, believe that any aspect of this letter is not sufficiently specific concerning any claims presented herein, please advise this office immediately. We are more than willing to collaboratively work together to determine what additional information is reasonably available so that it can be obtained and shared for the governmental entities' respective evaluation(s).

By operation of law, this Notice of Claim and its accompanying demand will be deemed denied sixty (60) days after its filing (service), unless advised otherwise, courtesy of this office, prior to that date.

## <u>ANTI-SPOLIATION NOTICE</u>
### <u>Your Obligation to Preserve Any/All Relevant Evidence</u>

In the state of Arizona, those already involved in civil litigation, or who **may** be involved in civil litigation in the future, **have a duty to preserve any/all evidence relevant to that litigation.**

The City of Prescott and the Prescott Police Department, as well as its officers, elected official(s), directors, deputies, employees, and agents, are each individually and collectively duty-bound to preserve all evidence relevant to this Notice of Claim and the events from which it arises. This includes, but is **not limited to**, the following:

1. **Any/all written materials** containing remedial measures, non-lethal means, policy proposals, procedures, and/or protocols implemented for public safety and de-escalation, whether before or after this incident;

2. **Files/records** for any/all police officers involved in this incident;

3. **Complete and Unaltered Bodycam Footage of _all_ Police Officers Involved in this matter, and/or any prior interactions with Daniel Leslie, if any;**

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 3 of 7

4.      **Memorandums**, whether in-agency or inter-agency;

5.      **Other Audio, Video, Photographs and/or Diagrams**;

6.      **Interviews and notes therefrom** - Audio, video, and/or transcript;

7.      **Messages to and from employees/agents/elected officials/ deputies/administrators** relating to, arising from, and/or mentioning this incident, including but not limited to: E-mails/Text Messages/Data Messages/Social Media/Phone Call History;

8.      **Disciplinary Notices/Documentation**;

9.      **Incident/Investigatory Reports/Findings**.

Please understand that this legal duty to preserve evidence extends not only to *all* relevant evidence, but also to *all* evidence that could reasonably be expected to *lead* **to** relevant evidence.

If any such material were not dutifully preserved as required by law, this would constitute "spoliation of evidence." The remedies for this violation can include, but are not limited to:

1.      **Dismissal of certain defense(s)** that may have been, in whole or in part, affected by the evidence spoliation one way or another;

2.      **Exclusion of witness testimony** that may have been, in whole or in part, affected by the evidence spoliation one way or another; and/or

3.      **A spoliation instruction read to the jury** permitting the inference that the evidence spoliated was harmful to the spoliator's case, often having the practical effect of the jury presuming the worst.

## **FACTUAL BASIS FOR WRONGFUL DEATH CLAIM**

This wrongful death claim concerns a Prescott police officer's ["Officer"] 1) **negligent** failure to adhere to the standard of care in his pre-shooting conduct, which caused or contributed to the circumstances in which he ultimately used deadly force; and 2) unjustified use of deadly force against Daniel Leslie, who was unarmed, which comprises a **battery**. *See* A.R.S. § 13-410.

The portion of the Officer's bodycam video, which has been made available to the public, demonstrates that the time duration, from the Officer's initial-encounter out front of Daniel's mother's home (June 8, 2024 at about 19:19:20) to drawing his gun (19:19:42) to firing that gun at least three times (19:20:02) *was less than one minute.* As can be plainly seen on the following page, Daniel Leslie's *back was turned to the officer* when the officer utilized deadly force.

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 4 of 7



*Above: the moment that the Officer started shooting his gun at Daniel Leslie – Daniel's back was turned from the officer.*

From the bodycam footage that is publicly available, here is an approximated timeline based on the bodycam timestamps:

7:19:26 p.m. (19:19:26): The Officer verbally directed a request to Daniel: "I need you to come over here so we can talk." It does not appear that the officer ever indicated that he was attempting to effectuate an arrest, that Daniel was under arrest, that Daniel was suspected of any crime, or that he was even being detained. The officer had not yet drawn his gun.



7:19:28 p.m. (17:17:28): To this request to "talk," Daniel clearly and calmly responded, "I haven't committed a crime. I don't have anything to say to you."

7:19:39 p.m. (17:17:39): The Officer stated: "Sir, you need to step away from the car."

7:19:42 p.m. (17:17:42): Without any stated or clear reason why, within seconds of the latter request, the Officer unholstered his gun and aimed it at Daniel. The Officer took this action, even though his bystanding mother [see inset right, wearing a pink shirt] stood only a few feet away from Daniel, whom the officer was inexplicably placing in direct danger with his service weapon.

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 5 of 7

While reporting placing Daniel at "gunpoint" into his radio in real time, the Officer did not indicate any belief or understanding that Daniel was armed or in any way dangerous. In fact, far from referencing any sort of weapon, the Officer instead directed Daniel to "put the **bike** down and come over here."

7:19:50 p.m. (19:19:49): Without offering any context – i.e., that Daniel was being detained, was under arrest, or was suspected of any crime – the Officer stated "get over here right now, I told you what to do, come here" to which Daniel repeated, "No." Daniel then walked under his carport, where a door leads inside his mother's home.

7:19:56 p.m. (19:19:56): Walking briskly toward the carport with his gun pointed toward Daniel, the Officer continued to shout: "come here" and "don't go into the house." The Officer then asked the bystander, whom was Daniel's mother, "Ma'am, is there anyone in the house?"

7:20:00 p.m. (19:20:00): Daniel matter-of-factly responded to the Officer's question, "Yes, there's lots of people in there." There remains no indication that Daniel was armed, or had any intent to harm anyone. He had made no threats; rather, up to this point, Daniel had only reiterated that he did not wish to speak to the Officer.

7:20:02 p.m. (19:20:02): After saying "don't go in there" one more time, and as Daniel moved toward the door into the home with his back to the Officer, the Officer started to say "you will get sh-" Before the Officer finished his sentence, he fired his gun at least three times at Daniel.

## **LEGAL THEORIES OF LIABILITY**

**I.  Pre-Shooting Negligence by the Prescott Police Officer:**        The Arizona Supreme Court recognizes that a plaintiff may "base a negligence claim on conduct by the officer that is independent of the intentional use of physical force." *Ryan v. Napier*, 245 Ariz. 54 (2018).

The Officer, who ultimately engaged in the use of deadly force on Daniel Leslie, was negligent in his approach to this interaction, and in the interaction itself. From the body camera footage available, he negligently failed to: 1) explain why he wanted to speak with Daniel; 2) that Daniel was being detained; 3) that Daniel was suspected of any crime (assuming such suspicion existed); 4) that Daniel was under arrest (assuming that was the Officer's intent); or 5) that the Officer(s) planned on shooting him with a gun if he did not follow their order(s).

This reflected the Officer's negligent failure to engage in reasonable de-escalation and communications with the public, including Daniel Leslie, but notably also including Daniel's mother, standing just feet away from him on the property. The Officer's failures to reasonably address Daniel, to explain why he was there on his mother's property, and to make it clear why Daniel was apparently not allowed to go inside (at unsaid threat of death), was negligent. This negligence was a cause or contributing factor to Daniel attempting to go inside, which prompted the Officer's intentional use of force, the latter battery which comprises a separate theory of liability. As such, this negligence was a cause or contributing factor to Daniel's wrongful death.

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 6 of 7

**II. Unjustifiable Use of Deadly Force – Battery the Officer who Shot and Killed Daniel Leslie**
The unjustified intentional use of lethal force by a law enforcement officer comprises battery. *Ryan v. Napier*, 245 Ariz. 54 (2018). Here, it is clear from the bodycam footage that the Officer, who ultimately discharged his firearm multiple times at Daniel, did so intentionally. This use of deadly force was not in self-defense, and it was unjustifiable pursuant to A.R.S. § 13-410. The Officer's use of his weapon, in this way, and under these circumstances, comprised a fatal battery, giving rise to wrongful death liability.

**III. City of Prescott / Prescott Police Department Vicarious Liability**. The City of Prescott and/or the Prescott Police Department are vicariously liable for the acts of its employees, including the Officer who fatally shot and killed Daniel Leslie on June 8, 2024. This includes vicarious liability for claims I, II, and III above.

**IV. City of Prescott / Prescott Police Department Direct Negligence**. Brandy Leslie alleges the following direct claims of negligence against the City of Prescott and/or the Prescott Police Department, including but not limited to:

- Negligent promulgation and/or implementation of policies/practices/protocols concerning use of lethal force, community or suspect safety, and/or de-escalation techniques or strategies;

- Negligent hiring/training/supervision/retention the Officer;
  - Failure to reasonably investigate and/or adequately determine the propensity for the type of improper conduct and excessive/unjustifiable use of force the Officer exercised here, and/or to act accordingly to prevent such hire or terminate such officers accordingly;

  - Failing to adequately discipline Prescott Police Department employees /agents/officers for prior improper conduct, in the realm of excessive or improper use of force, which created a general tolerance for, and may have impliedly encouraged, the improper conduct at issue here;

  - Failing to properly and/or adequately train or supervise the Officer.

 

Notice of Claim of Brandy Leslie, surviving spouse of Daniel Leslie
November 30, 2024
Page 7 of 7

Brandy Leslie had known Daniel Leslie since she was 13 years old. They had been married since January 2021.

The City of Prescott, the Prescott Police Department, and/or its elected official(s), owners, operators, officers, directors, deputies, and employees, may completely and immediately extinguish their liability arising from Brandy Leslie's claims for wrongful death damages, by extending the sum certain amount demanded in this Notice of Claim within 60 days from receipt.

If any/all deny this Notice of Claim or otherwise fail to timely respond, Brandy Leslie reserves the right to file a lawsuit against them. Please feel free to contact our office if you have any questions or if you wish to discuss the matters addressed herein. Thank you for your time and consideration.

**DATED** this 30th day of November, 2024.

**KNAPP & ROBERTS, P.C.**

_/S/ CRAIG A. KNAPP_
Craig A. Knapp, Esq.
David S. Friedman, Esq.
*Attorneys for Claimants*